UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
ALBA QUIÑONEZ FLORES,

          Plaintiff,

   v.

UNITED STATES OF AMERICA;
DOES 1-10

          Defendants.
---------------------------------------------------------x

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CIVIL CONTEMPT AND MOTION FOR PROTECTIVE ORDER

Civil Action No. 14-CV-3166 (JBW) (RML)

      This action arises from claims asserted by Plaintiff Alba Quiñonez Flores ("Ms. Quiñonez" or "Plaintiff") against the United States of America ("Defendant") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, and against currently unidentified Customs and Border Patrol ("CBP") agents in their individual capacities for violations of her rights under the Fifth Amendment to the United States Constitution in accordance with *Bivens v. Six Unknown Defendants of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Ms. Quiñonez respectfully requests that the Court issue an Order to Show Cause why Defendant should not be held in civil contempt for its refusal to comply with Magistrate Judge Robert M. Levy's March 4, 2015 oral discovery orders. Defendant has refused to comply with two rulings issued orally by Judge Levy on March 4: (1) that Defendant supplement its document production with any policies, procedures, regulations, guidelines or contracts relating or pertaining to shelter conditions during the time of Ms. Quiñonez's immigration detention, and (2) that Defendant make available for review, under a controlled environment, color photographs of the approximately 80 CBP agents who were present at the Falfurrias Border Patrol Station during Ms. Quiñonez's detention. Ms.

1

Quiñonez further moves for a protective order preventing the unauthorized depositions of herself and Wilfredo Sandoval Flores ("Mr. Sandoval").[1]

## DISCUSSION

**I.  Defendant Should Be Held in Contempt for Refusal to Comply with the Court's Unambiguous Discovery Orders.**

Defendant has refused to comply with this Court's discovery orders issued during the hearing held on March 4, 2015 and should thus be held in civil contempt pursuant to Fed. R. Civ. P. 37(b)(2). Rule 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery" the Court may "issue further just orders" including "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." A contempt order is warranted if the movant establishes that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051 (2d Cir. 1995) (citing *New York State Nat'l Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989). Moreover, a written order is not necessary in order to trigger sanctions under Rule 37(b)(2). *See Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) ("Oral proceedings compelling discovery that 'unequivocally give a litigant notice' of the discovery required are a sufficient basis for Rule 37(b)(2) sanctions) (citations omitted).

The Court's oral rulings during the March 4 hearing were clear and unambiguous. The comprehensive hearing lasted approximately two hours during which the parties exhaustively argued every pending discovery dispute then at issue. The Court clearly ordered Defendant to produce additional documents, specifically contracts between the government and third parties,

---

[1] The factual background for this Motion is contained in the concurrently filed Affidavit of Ira J. Kurzban.

2

relating to shelter conditions at the facility where Ms. Quiñonez was detained.  The Court was also very clear that Defendant was to make available for Ms. Quiñonez's examination photographs of the approximately 80 CBP agents who were on duty during her detention.  Counsel for Ms. Quiñonez has made repeated efforts to secure Defendant's compliance with the Court's orders, including by sending written correspondence, conferring by telephone and offering a set date and time for such process.  *See* Exhibit A, March 13, 2015 Letter; Exhibit C, April 6, 2015 Letter.  Nonetheless, Defendant has patently refused to comply with either of these clear and unambiguous orders.  *See* Exhibit B, April 1, 2015 Letter.

With regard to the first order in question relating to the production of certain documents, Defendant has simply referred Plaintiff back to documents already produced, which the Court, through its order, deemed insufficient.  *See* Exhibit B, p. 2.  With regard to the order relating to the color photographs, Defendant responded as if Ms. Quiñonez were making an entirely "new request" for a "digital lineup."  *See id.* at 2, n. 2.  In fact, the term "digital lineup" was initially used by the Court during the March 4 hearing to describe the type of procedure in which Ms. Quiñonez could view the photographs in a controlled environment, due to Defendant's expressed apprehension to turning over the photos into Plaintiff's possession.  Defendant's refusal to allow such an examination and its stated intent to "interpose written objections/responses to this demand" at a later date constitute a completely unacceptable refusal to abide by the Court's unequivocal oral order to arrange for a "digital lineup."  For its outright refusal to comply with the Court's clear and unequivocal discovery orders, Defendant should be held in civil contempt pursuant to Rule 37?(b)(2)(A)(vii).

3

**II.    A Protective Order Should Be Issued to Bar the Unauthorized Depositions of Plaintiff and Mr. Sandoval.**

In addition to the oral rulings ordered during the March 4 hearing, the Court also issued a written discovery order on March 10, 2015 which stated,

> Consistent with Judge Weinstein's instructions to conduct limited merits discovery prior to the hearing on defendant's motion to change venue, defendant shall make available for deposition the intake officer in charge of the facility at the time plaintiff was admitted to the facility at issue and the officer in charge of the facility during the period plaintiff was detained at the facility.

Exhibit D, Minute Order.  The Court did not specifically authorize any other depositions, including additional depositions previously requested by Plaintiff, and Defendant did not state its intent to notice any depositions.  Moreover, Defendant maintained, and continues to maintain, that no depositions are warranted at this stage of the proceedings.  However, on March 31, 2015, Defendant sent to the undersigned a notice of deposition for Ms. Quiñonez and on April 6, 2015 personally served a subpoena on Mr. Sandoval ordering him to appear for a deposition on April 28, 2013  These depositions are in no way authorized by the Court's March 10th Order, openly violate the same, and directly contradict Defendant's stated position regarding the inappropriateness of depositions at the current stage of litigation.  Accordingly, Ms. Quiñonez respectfully requests the Court to issue a protective order precluding her deposition and that of Mr. Sandoval until this case advances further.

## CONCLUSION

For the foregoing reasons, Ms. Quiñonez respectfully requests that the Court hold Defendant in contempt pursuant to Fed. R. Civ. P. 37(b)(2) for its clear refusal to comply with the March 4 and March 10, 2015 discovery orders.  Ms. Quiñonez further requests the Court to issue a protective order barring the unauthorized depositions of herself and Mr. Sandoval until a later stage of these proceedings.

4

Dated: April 8, 2015

Respectfully submitted,

/s/ Ira J. Kurzban
Ira J. Kurzban (*pro hac vice*)
Kurzban, Kurzban, Weinger
Tetzeli & Pratt, P.A.
2650 S.W. 27th Ave.
Second Floor
Miami, Florida 33133
Phone: (305) 444-0060
Fax:     (305) 444-3503
Email: ira@kkwtlaw.com

/s/ Jennie Santos-Bourne
Jennie Santos-Bourne (*pro hac vice*)
Americans for Immigrant Justice
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Phone: (305) 573-1106
Fax:     (305) 576-6273
Email: jsantos@aijustice.org

*Counsel for Plaintiff*