

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York   11201*

April 7, 2015

ORIGINAL VIA ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    Re:    *Alba Quiñonez Flores v. United States of America*
              Civil Action No. 14-CV-3166 (JBW) (RML)

Dear Magistrate Judge Levy:

       Defendant United States of America respectfully renews its request that the Court enter an order staying the conducting of depositions in the above-referenced action until the Court considers the Defendant's motion to change venue at the Motions Hearing currently scheduled for May 18, 2015.  In the alternative, the government respectfully requests that Plaintiff and third-party witness Wilfredo Elenilson Sandoval Flores be compelled to appear for their depositions, currently noticed to take place at the United States Attorney's Office in Brooklyn on (respectively) April 27 and April 28 at 9:30 a.m.

       In review, this office represents the United States of America in this Federal Tort Claims Act ("FTCA") case, which arises out of Plaintiff's detention near the Texas-Mexico border from February 19-22, 2013.  Shortly after the United States filed its answer to the complaint, the Plaintiff filed a Motion to Strike Affirmative Defenses (ECF Doc. 18) arguing, among other things, that this Court should decide the issue of venue.  The Plaintiff described its motion as "dispositive" and, therefore, appropriately directed to Judge Weinstein.  ECF Doc. 22 at 2 n.2.  On December 30, 2014, the United States filed a Motion to Change Venue.  See ECF Doc. 20.  On January 9, 2015, the Court issued an Order that scheduled a hearing on these motions, which was to take place on March 3, 2015.  See ECF Doc. 23.  On January 20, the Court issued another Order that directed as follows:  "the magistrate judge is respectfully requested to expedite such discovery as will assist the court in assessing the merits of the case and other relevant factors in deciding venue."  At the initial conference that took place the same day, Judge Weinstein's January 20 Order was discussed, and the parties agreed to respond to written discovery demands within a two-week period.  *See* Minute Entry dated January 21, 2015.

       In the weeks following the initial conference, Plaintiff made a series of merits-based

discovery demands that had nothing to do with the government's Motion to Change Venue, including a demand that federal officers be deposed prior to the March 3 Motions hearing in Texas. The government opposed conducting this merits-based discovery, including depositions, on the ground that this discovery had nothing to do with the subject of the Motions Hearing -- whether venue was proper in Brooklyn. ECF Doc. 30. In particular, with regard to the depositions, the government argued, in effect, that conducting such depositions would put the proverbial cart before the horse -- requiring the government to send the undersigned AUSA to a location thousands of miles away from Brooklyn, without first considering whether venue is proper in Brooklyn. *Id.*

Over these objections, subsequent to telephone conferences that took place on February 26 and March 4, the Court ordered the government to make two officers available for their depositions. *See* Order, dated March 10, 2015 ("Consistent with Judge Weinstein's instructions to conduct limited merits discovery prior to the hearing on defendant's motion to change venue, defendant shall make available for deposition the intake officer at the time plaintiff was admitted to the facility at issue and the officer in charge of the facility during the period plaintiff was detained at the facility").

Given that the Court had ordered that limited merits discovery take place prior to the motions hearing, and counsel had sufficient opportunity to review the "paper discovery," including medical records, relevant to Plaintiff's claims, the government noticed for their depositions the Plaintiff and Mr. Sandoval Flores, scheduling them to take place on April 27 and 28 at the United States Attorney's Office in Brooklyn. *See* Letter dated March 31, 2015 (annexed hereto as Exhibit A). On April 1, the government responded to Plaintiff's modified discovery demands and informed the Plaintiff that it would be producing two federal officers for their depositions in Texas on April 30 and May 1, in compliance with the Court's March 10 Order. *See* Letter dated April 1, 2015 (annexed hereto as Exhibit B). In response, by letter dated April 6, the Plaintiff informed that, while she would attend the depositions of federal officers in Texas, she objected to the government taking Plaintiff's and Mr. Sandoval Flores' depositions in Brooklyn. *See* Exhibit C. According to Plaintiff, because the government previously opposed the taking of pre-hearing depositions in Texas, the government should be precluded from seeking to conduct its own depositions of witnesses in advance of the motions hearing. *See* Ex. C at 2.

Plaintiff's position is untenable. While insisting that this case remain in Brooklyn, and that merits-based discovery occur prior to the Court's hearing on venue, the Plaintiff also insists that such merits-based discovery should be conducted only by the Plaintiff, and not the government. Accepting Your Honor's interpretation of the Court's January 20 Order as an instruction to "conduct limited merits discovery prior to the hearing on defendant's motion to change venue," there is no reason why such limited discovery should be conducted exclusively by Plaintiff, and not the government. Nor is there any reason why discovery for which Brooklyn *is* a convenient forum (*i.e.,* the deposition of those witnesses who, in fact, have addresses here) -- *should not* take place, but discovery for which Brooklyn is an inconvenient forum *should* take place.

Indeed, the Plaintiff's and Mr. Sandoval Flores' testimony likely will reveal much more about the merits of this case than the testimony of government witnesses who have no

2

independent recollection of Plaintiff's intake, processing, or detention.[1]  By contrast, Plaintiff herself presumably will be able to describe with particularity the facts underlying her claims. Further, Mr. Sandoval Flores was the person[2] who arranged for Plaintiff's travel by air fare from Florida to New York after her release from immigration custody on March 19, 2013.  A14, A181, A217.  As such, he is the only person, other than Plaintiff herself, who will be able to testify with regard to Plaintiff's medical condition and injuries as observed immediately after her release from the immigration custody.  Thus, to the extent the Court is concerned with arriving at a fuller understanding of the merits of this case prior to the motions hearing, such result will be better served through the Plaintiff's own testimony, rather than the testimony of government witnesses who can testify regarding their own practices and procedures, but know nothing of the particularities of Plaintiff's case.

The undersigned conferred by telephone with counsel for the Plaintiff on April 7 at 12:30 p.m., but was unable to reach a resolution of this issue.

For all of the foregoing reasons, the government respectfully requests that the Court enter an order staying depositions until after the May 18 Motions Hearing.  In the alternative, the Defendant respectfully requests that the Court enter an order that would compel Plaintiff and

---

[1] The two witnesses, Border Patrol Agent Allen Foster (who processed Plaintiff for removal from the United States) and Deputy Patrol Agent in Charge Thomas Slowinski (who was one of the officers in charge of the facility on the dates in question), have informed government counsel that they have no independent recollection of Plaintiff's processing.

[2] At the time of her release, immigration officials were given the impression that Mr. Sandoval Flores was Plaintiff's uncle.  A217.  Later, Plaintiff informed immigration officials that Mr. Sandoval Flores was her "fiancé."  A14.  Counsel for Plaintiff, in response to interrogatories for the instant action, has acknowledged that Mr. Sandoval Flores resides with Plaintiff, but does not identify him as a member of Plaintiff's family or otherwise identify his relationship to Plaintiff. *See* Plaintiff's Responses and Objections to Defendant United States of America's First Set of Interrogatories and Document Requests (undated) ¶ 2 (Mar. 19, 2013-present) at pp.2-3 (naming Mr. Sandoval Flores as residing with Plaintiff, but not identifying his relationship to Plaintiff); and ¶ 3 at p. 3 (not listing Mr. Sandoval Flores as a family member).  Regardless of his precise relationship to Plaintiff, Mr. Sandoval Flores' testimony likely will be highly probative of the issues in this case.

third-party witness Wilfredo Elenilson Sandoval Flores to appear for their depositions at the United States Attorney's Office in Brooklyn on (respectively) April 27 and April 28 at 9:30 a.m.

          Very truly yours,

          LORETTA E. LYNCH
          United States Attorney
          Eastern District of New York

By:    /s/
        MARGARET M. KOLBE
        Assistant U.S. Attorney
        (718) 254-6039
        margaret.kolbe2@usdoj.gov

cc: Ira J. Kurzban, Esq.
    [via ECF]