```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

ALBA QUIÑONEZ FLORES,
                                                        MEMORANDUM &
                                                        ORDER
                    Plaintiff,                         14-CV-3166

       -against-

UNITED STATES OF AMERICA,
DOES 1–10,

                    Defendants.
------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 12 2015 ★
BROOKLYN OFFICE

**Parties**

**Alba Quiñonez Flores**

**Appearances**

David Kwang Soo Kim
193-08 Northern Blvd.
Flushing, NY 11358
(718) 352-0801
Fax: (718) 352-0803
Email: dkskim@gmail.com

Ira J. Kurzban
Kurzban Kurzban Weinger Tetzeli & Pratt, P.A.
2650 SW 27th Avenue
Second Floor
Miami, FL 33133
(305) 444-0060
Fax: (305) 444-3503
Email: ira@kkwtlaw.com

Jennie Santos-Bourne
Americans for Immigrant Justice
3000 Biscayne Blvd
Suite 400
Miami, FL 33137
(305) 570-8925
Fax: (305) 576-6273
Email: jsantos@aijustice.org



**United States of America**

Margaret M. Kolbe
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
(718) 254-6039
Fax: (718) 254-6081
Email: margaret.kolbe2@usdoj.gov

**Does 1–10**

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I. Introduction..................................................................................................................3
II. Venue..........................................................................................................................5
   A. Law..........................................................................................................................5
      1. 28 U.S.C. § 1391(e)(1).........................................................................................5
      2. 28 U.S.C. § 1391(c)(1).........................................................................................6
      3. Section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A)..........................................................................................................6
      4. Sections 212(a)(9)(B)(ii), (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(9)(B)(ii), (iii)..................................................................................6
   B. Application of Law to Facts....................................................................................7
III. Conclusion...................................................................................................................9

## I. Introduction

This case involves claims under the Federal Tort Claims Act of a plaintiff living in the Eastern District of New York who entered the country illegally. She claims that after she was apprehended in Texas she was mistreated there by federal officers and, as a result, now suffers serious, permanent medical problems. She is on parole seeking asylum. The government challenges venue. Each party agrees that no case directly addresses venue for plaintiffs afforded a discretionary grant of parole; at the June 9, 2015 hearing, the parties conceded that the instant case is a matter of first impression. Hr'g Tr. The court rules that venue in this district is proper under the applicable statutes.

In February 2013, plaintiff Alba Quiñonez Flores, a citizen of El Salvador, rafted across the Rio Grande River, crossing illegally from Mexico into Texas. Pl.'s 2d Am. Compl. ¶ 13, ECF No. 12; Pl.'s Notice of Mot. to Strike Def.'s Affirm. Defenses Ex. A., ECF No. 18–1. A few days later, she was detained by United States Customs and Border Protection ("CBP") agents in the desert approximately 80 miles north of the border, near Falfurrias, Texas, a small town. Pl.'s 2d Am. Compl. ¶¶ 15–38. She was transferred to the CBP's Falfurrias Station,

where she was held for some three days. *Id.* at ¶ 15; Hr'g Tr., June 9, 2015.

Plaintiff now lives in the Eastern District of New York. Hr'g Tr.; Pl.'s 2d Am. Compl. ¶ 8. She has been afforded a discretionary grant of parole pursuant to section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A). She is currently in the process of seeking asylum based on violence and sexual assault she allegedly suffered in El Salvador. Def.'s Mem. of Law in Support of its Mot. to Change Venue 7, ECF No. 20–1("Def.'s Mem."); Pl.'s 2d Am. Compl. ¶ 8; Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Change Venue 5, ECF No. 24 ("Pl.'s Opp'n"); Hr'g Tr.

She sues the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), for negligence, negligent supervision, and intentional infliction of emotional distress based on her treatment while in United States custody in Texas. *See* Pl.'s 2d Am. Compl. ¶¶ 6, 47–62.

Pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), she also sues unidentified United States CBP agents in their individual capacities for alleged violation of her rights under the Fifth Amendment to the United States Constitution. *See id.* at ¶¶ 1, 6, 63–83. Compensatory and punitive damages are sought. *Id.* at 25 ("Prayer for Relief").

Defendant moves to transfer venue to the United States District Court for the Southern District of Texas, arguing that plaintiff cannot base venue on her current place of residence because she is not lawfully present in the United States. *See* Def.'s Mem; Def.'s Reply Mem. of Law Supp. its Mot. to Change Venue, ECF No. 31; Def.'s Mem. of Law in Further Supp. its Mot. to Change Venue, ECF No. 59; Hr'g Tr.

Plaintiff opposes, arguing that, because of her pending asylum application, she is, for the moment, lawfully present in the United States for purposes of venue. Pl.'s Opp'n 9 (citing *Lok v.*

4

*I.N.S.*, 681 F.2d 107, 108 (2d Cir. 1982) (stating that lawful domicile in the United States does not require permanent resident status)).

The rule now formulated is: Plaintiff is "lawfully present in the United States" when she has a pending application for asylum. The Eastern District of New York is a proper venue while she is on parole and a resident of this district. Hr'g Tr. Defendant's motion to transfer on this ground is denied. *Id.*

Defendant also raises discretionary "convenience" elements as a basis for its transfer application. *See* 28 U.S.C. § 1404(a). The motion, based on that theory, is stayed for three months while discovery continues here. Hr'g Tr. Much of discovery has been completed under the supervision of this court's assigned magistrate judge. *Id.* It would be inefficient not to complete those aspects of discovery which can take place while plaintiff remains in New York where she is being treated medically. The court will have a more adequate basis for a discretionary ruling on venue after pending discovery is available. *Id.*

## II. Venue

### A. Law

#### 1. 28 U.S.C. § 1391(e)(1)

A plaintiff may bring suit against an "officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States . . . in any judicial district in which:

(A) a defendant in the action resides,

(B) a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the

action is situated, or

>  (C) *the plaintiff resides* if no real property is involved in the action. . . ."

28 U.S.C. § 1391(e)(1) (emphasis added).

### 2. 28 U.S.C. § 1391(c)(1)

The venue statute is silent with respect to alienage. It simply states:

> For *all* venue purposes . . . a natural person, *including an alien lawfully admitted for permanent residence in the United States*, shall be deemed to reside in the judicial district in which that person is domiciled[.]

28 U.S.C. § 1391(c)(1) (emphasis added).

### 3. Section 212(d)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(d)(5)(A)

The grant of release while an asylum application is pending is discretionary and does not render the parolee admitted to the United States:

> The Attorney General may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but *such parole of such alien shall not be regarded as an admission of the alien* and when the purposes of such parole shall, in the opinion of the Attorney General, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A) (emphasis added).

### 4. Sections 212(a)(9)(B)(ii), (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(9)(B)(ii), (iii)

Paroled asylum applicants are *not* considered to be unlawfully present:

> [An] alien is deemed to be unlawfully present in the United States if the alien is present in the United States after the expiration of the

6

> period of stay authorized by the Attorney General *or is present in the United States without being admitted or paroled*. . . .

8 U.S.C. § 1182(a)(9)(B)(ii) (emphasis added). The statute continues:

> *No period of time* in which an *alien has a bona fide application for asylum pending* under section 1158 of this title shall be taken into account *in determining the period of unlawful presence* in the United States under clause (i) unless the alien during such period was employed without authorization in the United States.

8 U.S.C. § 1182(a)(9)(B)(iii) (emphasis added).

### B. Application of Law to Facts

Defendant argues that plaintiff cannot establish venue because she is not lawfully present in the United States. Def.'s Mem. 4–7. But, plaintiff *is* lawfully present in the United States. She is here on parole with a pending application for asylum. According to the official policy of the United States Citizenship and Immigration Services ("USCIS"), an "alien, whose bona fide application for asylum is pending, is in an authorized period of stay and *does not accrue unlawful presence* for purposes of section 212(a)(9)(B) of the [Immigration and Nationality] Act . . . ." Donald Neufeld, USCIS Acting Assoc. Director, *et al.*, *Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 212(a)(9)(C)(i)(1) of the Act*, 29, May 6, 2009, *available at* http://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/2009/revision_redesign_AFM.PDF (emphasis added); Pl.'s Opp'n 5; *see also* sections 212(a)(9)(B)(ii), (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1182(a)(9)(B)(ii), (iii).

Defendant next argues that plaintiff, in light of her discretionary grant of parole, cannot, for the purposes of venue, be deemed to "reside" where she in fact lives, and apparently intends to live while her application for asylum is pending. Hr'g Tr.; Def.'s Mem. 4–7. If her

application is successful, it can be assumed she intends to live in this district with her child permanently. Hr'g Tr. (serious and permanent medical problems being treated here).

The language of the statute points to a conclusion contrary to the government's contention. The applicable venue provision states that a plaintiff may bring an action against federal officials acting in their official capacity, a federal agency or the United States where *"the plaintiff resides* if no real property is involved in the action." 28 U.S.C. § 1391(e)(1)(C) (emphasis added). For the purposes of determining proper venue, "*a natural person*, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to *reside* in the judicial district in which that person is *domiciled* [.]" 28 U.S.C. § 1391(c)(1) (emphasis added). Alienage is not a reason stated in the statute as a basis for finding persons outside its reach. When Congress intended to exclude—as it did when "real property is involved"—it said so. *But cf.* H.R. REP. 112-10, 23 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580 (noting that the purpose of the then-proposed amendment was to "grant a venue defense to permanent resident aliens who are domiciled in the United States").

Because the statute is unambiguous on its face, no further inquiry is necessary. *See Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013) ("When interpreting a statutory provision, we begin with the language of the statute. If the statutory terms are unambiguous, we construe the statute according to the plain meaning of its words." (internal citations omitted)); *cf.* § 3810 Particular Classes of Parties—Aliens and Nonresidents, 14D Fed. Prac. & Proc. Juris. (4th ed.) (noting that it "is at least arguable that an illegal alien domiciled in a district may 'reside' in the district where domiciled for venue purposes.").

Interpreting a different section of the Immigration and Nationality Act, the United States Court of Appeals for the Second Circuit has held that "domicile" can be established by an "intent

to remain" that is "legal under immigration laws." *Lok*, 681 F.2d at 109. Permanent resident status is not required. *Id.* The government concedes that plaintiff has decided to make the Eastern District of New York her permanent residence. Hr'g Tr. And, her intent to remain is relevant, according to the United States Citizenship and Immigration Services. *See* Neufeld, *et al.*, *supra* ("An alien, whose bona fide application for asylum is pending, is in an authorized period of stay and does not accrue unlawful presence for purposes of [the Immigration and Nationality] Act.").

Because plaintiff is domiciled in the Eastern District, she may sue here.

### III. Conclusion

Defendant's motion to transfer for reason of lack of proper venue is denied.

Decision on defendant's motion for discretionary transfer to the Southern District of Texas, pursuant to 28 U.S.C. § 1404(a), is stayed for three months. An evidentiary hearing on the motion will be held on September 16, 2015 at 10:00 a.m. in Courtroom 10 B South. The plaintiff shall be present in person. Evidence may be submitted.

All supplemental briefing shall be docketed by September 9, 2015 at 9:00 a.m. Courtesy copies shall be promptly provided to the court.

Discovery had already proceeded substantially in this district. *See* Hr'g Tr. The magistrate judge is respectfully requested to expedite completion of discovery and to prepare the case for trial. By consent, the magistrate judge is authorized to hold *Daubert* hearings. *Id.* Whether a discretionary transfer of venue will be granted may depend, in part, on plaintiff's medical condition and its causes.

By September 6, 2015, plaintiff will supply the court and defendants with an up-to-date medical report outlining her ability to travel to Texas.

The magistrate judge is respectfully requested to engage the parties in settlement discussions.

Plaintiff's motion to strike affirmative defenses is stayed until defendant's motion for a discretionary transfer is decided. *See* ECF No. 18.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

June 11, 2015
Brooklyn, New York

10