LAW OFFICES OF

# KURZBAN KURZBAN WEINGER TETZELI AND PRATT, P.A.

PLAZA 2650  
2650 S.W. 27TH AVENUE  
SECOND FLOOR  
MIAMI, FLORIDA 33133

TELEPHONE (305) 444-0060

TELECOPIER  
(305) 444-3503

June 26, 2015

Via ECF

The Honorable Robert M. Levy  
United States Magistrate Judge  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:    *Quiñonez Flores v. United States; Does 1-10*  
              Case No.: 14-CV-3166 (JBW) (RML)  
              <u>Plaintiff's Sur Reply in Regard to Defendant's Letter Motion for Reconsideration</u>

Dear Judge Levy:

      This letter is written in regard to Defendant United States of America's Letter Motion for Reconsideration of the Court's oral order regarding Plaintiff's ability to conduct a videotaped and photographic inspection of the Falfurrias Border Patrol Station ("Falfurrias Station") [ECF No. 64]. Plaintiff agrees with and appreciates Defendant's position on the overall geographic scope of the inspection of the Falfurrias Border Patrol Station ("Falfurrias Station"). The undersigned submits this letter only to clarify and narrow the only two issues remaining for disposition by the Court.

      Plaintiff clarifies that, contrary to Defendant's position, (1) both video and photography, rather than photography alone, are necessary for the inspection, and (2) she should be able to provide her own videographer, rather than one chosen and controlled by Defendant. On the first issue, videography will allow for a more thorough review by Plaintiff, her expert witnesses, and the Court than static photographs. As noted by Defendant, Plaintiff has already been provided some photographs of the Falfurrias Station, but they have not given a sufficiently complete view of the facility where Plaintiff was detained. There is no reason to expect that simply taking a greater number of photographs would somehow provide an adequate in depth understanding of the facility—only video of the Falfurrias Station will be able to convey a complete picture of what the facility is really like.

      On the second issue, Defendant's unspecified "security concerns," *see* ECF No. 68 at 3, do not mandate the use of a videographer chosen by Defendant. Any footage obtained by Plaintiff's videographer would be covered by the protective order governing discovery in this

June 26, 2015
Page 2

case and would obviously be shared with Defendant. Moreover, during the inspection of Falfurrias Station, Plaintiff's representatives and videographer will be accompanied at all times by CBP personnel and will fully cooperate with them to alleviate any security concerns and minimize disruptions.

      For the foregoing reasons, Plaintiff respectfully requests that the Court's order granting Plaintiff the ability to inspect the Falfurrias Station allows Plaintiff to take video evidence with a videographer retained by Plaintiff.

      Respectfully,

      /s/Ira J. Kurzban
      Ira J. Kurzban
      *Attorney for Plaintiff*

Cc via ECF:
AUSA Margaret Kolbe