UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBA QUIÑONEZ FLORES,<br><br>               Plaintiff,<br><br>     – against –<br><br>UNITED STATES OF AMERICA,<br>DOES 1-10,<br><br>             Defendants. | **MEMORANDUM & ORDER**<br><br>14-CV-3166 |

**PARTIES**

**ALBA QUIÑONEZ FLORES**

**APPEARANCES**

David Kwang Soo Kim
193-08 Northern Blvd.
Flushing, NY 11358
(718) 352-0801
Fax: (718) 352-0803
Email: dkskim@gmail.com

Ira J. Kurzban
Kurzban Kurzban Weinger
Tetzeli & Pratt, P.A.
2650 SW 27th Avenue
Second Floor
Miami, FL 33133
(305) 444-0060
Fax: (305) 444-3503
Email: ira@kkwtlaw.com

Jennie Santos-Bourne
Americans for Immigrant Justice
3000 Biscayne Blvd
Suite 400
Miami, FL 33137
(305) 570-8925
Fax: (305) 576-6273
Email: jsantos@aijustice.org

UNITED STATES OF AMERICA

Margaret M. Kolbe
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
(718) 254-6039
Fax: (718) 254-6081
Email: margaret.kolbe2@usdoj.gov

Seth D. Eichenholtz
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
(718) 254-7036
Fax: (718) 254-6081
Email: seth.eichenholtz@usdoj.gov

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I.   Introduction ........................................................................................................... 1

II.  Claims .................................................................................................................. 2

III.  Facts .................................................................................................................... 3

IV.  28 U.S.C. § 1404(a) ............................................................................................. 7

     A.   Law ................................................................................................................ 7

     B.   Application of Law to Facts .......................................................................... 9

       1.  Availability of Alternative Forum ........................................................... 9

       2.  Convenience of Witnesses ...................................................................... 9

       3.  Convenience of Parties .......................................................................... 10

       4.  Location of Relevant Documents and Access to Sources of Proof ........... 11

       5.  Availability of Process to Compel Attendance of Unwilling Witnesses ... 12

       6.  Relative Means of the Parties ................................................................ 13

       7.  Forum's Familiarity with Governing Law ............................................. 13

       8.  Deference Owed to Plaintiff's Choice of Forum .................................... 14

       9.  Trial Efficiency and Interests of Justice ................................................. 15

V.  Conclusion ........................................................................................................ 16

## I.   Introduction

This case illustrates the decreasing importance of venue changes for convenience. Video and other techniques permit effective hearings almost anyplace.

Seeking relief under the Federal Tort Claims Act, plaintiff, residing in Brooklyn, New York, entered the country illegally through Texas. She alleges that she was mistreated at the border by federal officers, suffering as a result serious, permanent medical problems. She is currently on parole seeking asylum.

The government moved for a discretionary transfer to the Southern District of Texas as a more convenient venue. *See* 28 U.S.C. § 1404(a). The motion was stayed so that discovery

1

could be completed on the issue.  *Flores v. United States*, No. 14-CV-3166, 2015 WL 3622275,

*4 (E.D.N.Y. June 11, 2015).

The government's motion is denied.  The case can conveniently be tried in Brooklyn.

## II.    Claims

In February 2013, plaintiff, Alba Quiñonez Flores, a citizen of El Salvador, rafted across

the Rio Grande River, crossing illegally from Mexico into Texas.  Pl.'s 2d Am. Compl., Aug. 13,

2014, ECF No. 12 ("Pl.'s 2d Am. Compl."), at ¶ 13; Pl.'s Notice of Mot. to Strike Def.'s Affirm.

Defenses at Ex. A., ECF No. 18-1.  In the desert, a few days later, she was apprehended and

detained by United States Customs and Border Protection ("CBP") agents approximately 80

miles north of the border, near the small town of Falfurrias, Texas.  Pl.'s 2d Am. Compl. at ¶¶

15-38.  She was brought to the CBP's Falfurrias Station.  There she was held for three days

under what she claims were intolerable conditions.  *Id.* at ¶ 15; Hr'g Tr., June 9, 2015, ECF No.

68-1 ("June 9 Hr'g Tr."), at 4:11-13.

Plaintiff is being treated for serious medical problems in the Eastern District of New

York.  June 9 Hr'g Tr. at 5:18-22; Pl.'s 2d Am. Compl. at ¶ 8.

Ms. Flores is seeking asylum based on a claimed violent sexual assault on herself in El

Salvador.  She has reasonable grounds for believing that similar assaults will be repeated should

she return to that country.  Def.'s Mem. of Law in Supp. of its Mot. to Change Venue  (ECF No.

20-1) ("Def.'s Mem."), at 6-7; Pl.'s 2d Am. Compl. at ¶ 8; Pl.'s Mem. of Law in Opp'n to Def.'s

Mot. to Change Venue (ECF No. 24) ("Pl.'s Opp'n"), at 5.  She has received a discretionary

grant of parole.  *See* 8 U.S.C. § 1182(d)(5)(A).

Ms. Flores sues the United States, pursuant to the Federal Tort Claims Act, for its

negligence, negligent supervision, and intentional infliction of emotional distress based on her

2

treatment while in United States custody in Texas.  *See* 28 U.S.C. § 2671, *et seq*. ("FTCA"); Pl.'s

2d Am. Compl. at ¶¶ 6, 47-62.

Pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), plaintiff also

sues unidentified United States CBP agents in their individual capacities for alleged violations of

her rights under the Fifth Amendment to the United States Constitution. *See id*. at ¶¶ 1, 6, 63-83.

Compensatory and punitive damages are sought.  *Id*. at 25 ("Prayer for Relief").

## III.    Facts

Plaintiff is a 29-year-old female citizen of El Salvador.  Pl.'s 2d Suppl. Br. in Opp'n to

Def.'s Mot. to Change Venue, filed Sept. 3, 2015 (ECF No. 79), at Ex. F (Report of Daphne

Glindmeyer, M.D.) ("Glindmeyer Report"), at 9.  In 2002, while still in El Salvador, she was

kidnapped by members of the "MS gang" and held for a month.  *Id.* at 10.  She was handcuffed

and repeatedly raped, becoming pregnant.  As a result she suffered from Posttraumatic Stress

Disorder and required in-patient and out-patient psychiatric treatment for anxiety, depression,

and insomnia.  *Id.* at 11, 15.

In October 2012, one of the individuals who had participated in the kidnapping attempted

to seize her again.  After this attack plaintiff decided to immigrate to the United States illegally

so no one would know where she was.  *Id.* at 12.

Plaintiff paid *coyotes* to help her cross into the United States.  She fell behind the group

she was with and was picked up by CBP.  *Id.*  Agents took plaintiff to their Falfurrias CBP

Station.  There she was detained for several days.

Upon her arrival at the Station, plaintiff claims that medication she was carrying for her

diabetes and high blood pressure was confiscated and discarded, along with her coat.  *Id.* at 12;

Suppl. Decl. of Margaret M. Kolbe, Dec. 30, 2014 (sealed), at Ex. Y (Apr. 27, 2015 Dep. of Alba

Quiñonez Flores) ("Pl. Dep."), at 151:13-15.  Informing a CBP agent of her need for the medication, she was told that there was nothing the agent could do to help her.

Plaintiff alleges that she was detained in one of the "hold rooms," which she described as very cold and over-crowded.  There were no beds.  She alleges there was an average of 15-20 people in one small room, standing or sitting on a hard bench or the floor.  Glindmeyer Report at 12-13; Pl. Dep. at 211:6-213:21; Pl.'s 2d Suppl. Br. in Opp'n to Def.'s Mot. to Change Venue, Sept. 3, 2015, at Ex. H, ECF No. 79 (Video of Inspection of Falfurrias Border Patrol Station) ("Video Exhibit").  Below are screenshots from a recorded inspection of the Falfurrias Station showing the holding rooms plaintiff claims she occupied for three days with fifteen to twenty people, and in which she slept:





She claims she was not given a blanket, had to sleep on the floor or a bench, and had no access to water.  Pl. Dep. at 214:8-215:4.  Her food was solely three sandwiches a day, each containing a single slice of bologna.  *Id.* at 215:25-216:10.  She missed some of the feedings because a swollen ankle prevented her from getting to the door where the sandwiches were being distributed.  *Id.* at 216:13-217:4.

Plaintiff fainted in the detention center.  She alleges that she was left lying on the floor for hours before being taken to the hospital.  Pl.'s Suppl. Br. in Opp'n to Def.'s Mot. to Change Venue, May 26, 2015, at Ex. A, ECF No. 60-1, at 220:14-222:5.  She was taken to nearby Edinburg Regional Medical Center.  Pl. Dep. at 220:14-220:21.

Ultimately, she was diagnosed with anxiety due to the CBP incarceration, syncope (temporary loss of consciousness due to a decrease in blood pressure), and vasovagal (a decrease in heart rate leading to syncope).  2d Suppl. Decl. of Margaret M. Kolbe, Sept. 3, 2015 (ECF No. 78), at Ex. HH (July 27, 2015 Dep. of Jesus E. Corpus), at 27:11-28:1.

Plaintiff's expert physician reported that during her time in detention at the Falfurrias facility, plaintiff experienced an acute exacerbation of anxiety and depression.  Glindmeyer Report at 16.

From Texas, plaintiff was sent to the Broward Transitional Center in Florida.  While detained there, she was twice taken to a mental clinic and found to be experiencing an "alteration" in mental status.  *Id.*  She was described as being depressed with a flat affect, not thinking appropriately, and being easily distractible.  *Id.*

Dr. Daphne Glindmeyer, M.D., plaintiff's medical expert, concluded that plaintiff suffers from Posttraumatic Stress Disorder, and that her experiences at the Falfurrias Station exacerbated this condition.  *Id.*

6

Her attending psychiatrist from the Ambulatory Behavioral Health Services at Elmhurst Hospital Center, Dr. Basilisa Canto, M.D., agrees that plaintiff suffers from Posttraumatic Stress Disorder.  In addition, she finds that plaintiff has a Major Depressive Disorder, diabetes, hypertension, migraine headaches, Bell's Palsy, and kidney infections.  Decl. of Ira J. Kurzban, dated Sept. 8, 2015 (ECF No. 81) (attaching letter from Dr. Basilisa Canto, M.D.); Hr'g Tr., Sept. 29, 2015 ("Sept. 29 Hr'g Tr."), at 24:3-15.

Both Dr. Canto and Dr. Glindmeyer reported that a Texas trial would be more difficult for her than one in New York.  Decl. of Ira J. Kurzban, dated Sept. 8, 2015 (ECF No. 81) (attaching letter from Dr. Basilisa Canto, M.D.) (concluding that "traveling is not advisable [for plaintiff] . . . due to the risk for potentially deadly illness"); Sept. 29 Hr'g Tr., at 26:24-27-8, 40:12-41:24.

**IV.   28 U.S.C. § 1404(a)**

    **A.   Law**

Section 1404(a) of Title 28 of the United States Code provides for changes in venue for convenience.  It reads: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).

"In determining whether to transfer venue, courts examine: (1) whether the action could have been brought in the proposed forum; and (2) whether the transfer would promote the convenience of parties and witnesses and would be in the interests of justice."  *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 347 (E.D.N.Y. 2012) (citation omitted).  Factors considered in determining whether a transfer is justified include:

> (1) the plaintiff's choice of forum, (2) the convenience of
> witnesses, (3) the location of relevant documents and relative ease
> of access to sources of proof, (4) the convenience of parties, (5) the

> locus of operative facts, (6) the availability of process to compel
> the attendance of unwilling witnesses, and (7) the relative means of
> the parties.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted); *see also JetBlue Airways Corp. v. Helferich Patent Licensing, LLC*, 960 F. Supp. 2d 383, 398 (E.D.N.Y. 2013) (identifying forum's familiarity with the governing law and trial efficiency and the interests of justice based on the totality of the circumstances as additional factors).

No one factor is outcome determinative. *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996); *see also EasyWeb*, 888 F. Supp. 2d at 348 ("these factors should be applied and weighed in the context of the individualized circumstances of the particular case"). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted).

The burden of obtaining a venue change lies with the party seeking the transfer. It requires a "clear and convincing showing that the balance of convenience strongly favors the alternate forum." *Xin Feng Li v. Hock*, 371 F. App'x 171, 175 (2d Cir. 2010) (citation omitted); *see also N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 114 (explaining that it is "appropriate that the district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion"); *Laumann Mfg.*, 913 F. Supp. at 721 ("plaintiff's choice of forum should only be disturbed if that choice is completely and utterly outweighed by the severe inconvenience of the defendant").

8

A "plaintiff's choice of forum should rarely be disturbed." *Certain Underwriters at Lloyd's London v. Nat'l R.R. Passenger Corp.*, No. 14-CV-04717, 2015 WL 1182764, *5 (E.D.N.Y. Mar. 13, 2015) (citation omitted).

**B.    Application of Law to Facts**

      1.  **Availability of Alternative Forum**

The parties agree that this case could have been brought in the Southern District of Texas.

      2.  **Convenience of Witnesses**

"The convenience of witnesses is an important factor in considering whether transfer is appropriate." *JetBlue Airways*, 960 F. Supp. 2d at 398; *see also Hines v. Overstock.com, Inc.*, 668 F. Supp. 2d 362, 369 (E.D.N.Y. 2009) (identifying convenience of witnesses as "arguably the most important factor in determining whether a transfer is warranted").

Because all of the identified government witnesses reside in Texas or Florida, the government contends that witness convenience weighs in favor of a transfer.  Def.'s Mem. at 9. The government argues that the third-party witnesses with relevant information – the doctor and nurse who treated plaintiff – are also in Texas.  *Id.* at 9-10.

Location of party witnesses is not decisive since it is assumed that the government can require their participation whenever the case is tried.  *Certain Underwriters at Lloyd's London*, 2015 WL 1182764, at *3 (citing *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 30 (E.D.N.Y. 2014)).  Participation in the trial will not require any of the CBP agents to be away from their duties for a week, as the government contends.  Def.'s Post-Hr'g Br., Oct. 20, 2015, ECF No. 99 ("Def.'s Post-Hr'g Br."), at 8.  Only two days should be needed for each witness to travel to New York, testify, and travel back to Texas.

If two days in Brooklyn is too burdensome, the government can rely on the CBP agents' video-recorded depositions, or arrange to have them testify by live video. The court, not a jury, will be trying the case so that credibility determinations will not be adversely affected.

With respect to non-party witnesses, the parties can utilize videotaped depositions in lieu of live testimony, or arrange for live testimony by video, lessening the burden on the witnesses. *See JetBlue Airways*, 960 F. Supp. 2d at 399 (explaining that "inconvenience can be lessened by allowing [witnesses] to testify by video"). The court is capable of evaluating a witnesses' testimony whether presented by video or in person.

As a practical matter, plaintiff, a resident of New York, will need to be present. It would be inappropriate to shift the burden to her and force her to choose between traveling to Texas at the expense of her health or appearing at her trial by video. *See* Def.'s Post-Hr'g Reply Br., Oct. 27, 2015, ECF No. 101 ("Def.'s Post-Hr'g Reply Br."), at 2. She would be expected to sit at counsel table and consult in person during the trial.

Witness convenience is not a factor warranting change of venue.

### 3. **Convenience of Parties**

A transfer is disfavored where it simply "shifts the inconvenience from one party to the other." *JetBlue Airways*, 960 F. Supp. 2d at 399 (citation omitted); *see also Laumann Mfg.*, 913 F. Supp. at 721 ("The purpose of 1404(a) is not to shift the inconvenience from one party to the other.").

The government contends that bringing its officers from Texas to New York would cost money, take the officers away from their duty locations for almost a week, and disrupt operations at border facilities in southern Texas. *See* Def.'s Mem. at 10; Def's Post-Hr'g Br. at 7-8. Plaintiff, in contrast, explains how transferring this action to the Southern District of Texas

10

would cause her extreme hardship.  *See* Pl. Opp'n at 13-14.  Plaintiff's argument is supported by testimony from her psychiatrist attesting to her continuing extensive medical problems.  Her medical condition would make it burdensome for plaintiff to travel to and litigate in Texas.  *See* Decl. of Ira J. Kurzban, dated Sept. 8, 2015 (ECF No. 81) (attaching letter from plaintiff's psychiatrist); Sept. 29 Hr'g Tr. at 26:24-27-8, 40:12-41:24.

Although the government submits the opinions of doctors who have reviewed plaintiff's records and concluded that plaintiff is medically able to travel to Texas, neither of their reports addresses plaintiff's mental health.  *See* Report of Dr. Ronald Tamler, dated Sept. 2, 2015 (ECF No. 94-2) (concluding diabetes does not prevent plaintiff from traveling); Report of Dr. Vidya Valada, dated Sept. 3, 2015 (ECF No. 94-3) (concluding plaintiff did not suffer a stroke and her hypertension is well controlled with medication); Sept. 29 Hr'g Tr. at 11:20-24, 58:11-21.

Transferring this action to the Southern District of Texas would shift the burden of convenience from the government to a plaintiff of limited means who find's travel difficult because of her medical problems.  In these circumstances, "[p]laintiff's choice of venue should be left undisturbed."  *Khing v. Nay Lin*, No. 14-CV-4004, 2015 WL 4523238, at *2 (E.D.N.Y. July 27, 2015) ("where transfer would shift the inconvenience from one party to the other, [p]laintiff's choice of venue should be left undisturbed").

Convenience of parties does not support a transfer.

### 4.  **Location of Relevant Documents and Access to Sources of Proof**

The government focuses on the fact that the facility where plaintiff was held and relevant records are filed are located in Texas.  Def.'s Mem. at 10.  The government fails to address the availability of technology that minimizes this issue.

A clear picture of all relevant parts of the Falfurrias Station where plaintiff was held has been recorded on video.  Videos, photographs and floor plans were reviewed by the court and are available for the trial.  *See* Video Exhibit; Def.'s Post-Hr'g Br. at App'x D.  There is no need to view the terrain of the Mariposa Ranch or travel the road to the Falfurrias checkpoint.  Def.'s Post-Hr'g Br. at 15 n. 8.  All relevant activities took place inside the facility.  The court is satisfied that the trier need not conduct a physical view of the place where plaintiff claims she was abused.

Documentary evidence is easily transportable and not voluminous.  Its place "is not a compelling consideration."  *JetBlue Airways*, 960 F. Supp. 2d at 399 (citation omitted); *see also Certain Underwriters at Lloyd's London*, 2015 WL 1182764, at *4 ("The location of relevant documents is largely a neutral factor in today's world of faxing, scanning, and emailing documents.") (citation omitted).  Whatever is needed for trial can easily be copied.

The government does not address evidence located in New York relating to plaintiff's continuing medical issues.  *See* Pl.'s Opp'n at 16.  A treating physician from New York along with expert medical witnesses will be required.  The government can find a New York expert to suggest its views of plaintiff's condition and its cause.

This factor of access to evidence does not weigh in favor of a transfer.

5. **Availability of Process to Compel Attendance of Unwilling Witnesses**

Both parties recognize that material witnesses lie outside the subpoena power of the court.  *See* Def.'s Mem. at 11; Pl.'s Opp'n at 17.  As noted above, videotapes of witnesses' testimony and testimony via live video is available for witnesses who are unwilling to travel to the Eastern District of New York.  *See supra* Part IV.B.2; *see also Citibank, N.A. v. Affinity*

12

*Processing Corp.*, 248 F. Supp. 2d 172, 178 (E.D.N.Y. 2003) (finding factor did not weigh in favor of transfer where witnesses could be videotaped).

This factor of lack of process does not weigh in favor of a transfer.

6. **Relative Means of the Parties**

"Where . . . disparity exists between the parties . . . the relative means of the parties may be considered." *Hines*, 668 F. Supp. 2d at 370 (citation omitted). The government argues that it is unaware of the plaintiff's means, rendering this factor neutral. Def.'s Mem. at 11. Plaintiff has virtually no financial means. Pl.'s Opp'n at 15. She is currently supported by her partner and has applied for public benefit. *Id.* at 9-10. There can be no dispute that there is a significant disparity in the relative means of the parties.

This factor, of relative resources of the parties, weighs against a transfer.

7. **Forum's Familiarity with Governing Law**

The Second Amended Complaint includes causes of action for negligence, negligent supervision, intentional infliction of emotional distress, and violations of plaintiff's Fifth Amendment rights. The parties agree that plaintiff's tort claims are governed by Texas law. *See* Def.'s Mem. at 12; Pl.'s Opp'n at 18.

The government argues that the Southern District of Texas is more familiar with Texas state tort law since it must regularly apply Texas tort law. Def.'s Mem. at 13. Plaintiff counters that plaintiff's common law tort claims involve rather simple issues that should not be challenging to a New York court. Pl.'s Opp'n at 18-19. Plaintiff also argues that the more complex claims in the case arise under federal law, with which all federal courts are equally familiar. *Id.* at 19.

13

"Where an action does not involve complex questions or another state's laws, courts in this district accord little weight to this factor on a motion to transfer." *Schwartz v. Marriott Hotel Servs., Inc.*, 186 F. Supp. 2d 245, 251 (E.D.N.Y. 2002) (quoting *Merkur v. Wyndham Int'l, Inc.*, No. 00-CV-5843, 2001 WL 477268, at *5 (E.D.N.Y. Mar. 30, 2001)); *see also Certain Underwriters at Lloyd's London*, 2015 WL 1182764, at *4 (explaining that factor is accorded little weight "because federal courts are deemed capable of applying the law of other states"). Plaintiff's state law tort claims, which sound in common law negligence, are not complex. The court can ascertain Texas law with help from counsel. Plaintiff's federal law claims can be ascertained by any federal trial judge.

This factor of knowledge of applicable law does not weigh in favor of transfer.

### 8. Deference Owed to Plaintiff's Choice of Forum

"A plaintiff's choice of forum usually weighs heavily in considering a motion to transfer venue." *JetBlue Airways*, 960 F. Supp. 2d at 400; *see also Laumann Mfg.*, 913 F. Supp. at 721 ("Deference should be given to the plaintiff's choice of forum."). "[I]n considering whether the interest of justice would be served by transferring this case from plaintiff's home district to an alternative forum the Court may consider plaintiff's special medical difficulties." *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 759-60 (S.D.N.Y. 1980) (citation omitted); *see also Dekle v. Global Digital Solutions, Inc.*, No. 15-CV-0069, 2015 WL 3562412, at *5 (S.D. Ala. June 5, 2015) (finding that plaintiff's "grave illness, his ongoing course of treatment here, and the attendant constraints on his ability to travel weigh heavily against a § 1404(a) transfer to a different judicial district"); *Lieberman v. Carnival Cruise Lines*, No. 13-CV-4716, 2014 WL 3906066, *4 (D.N.J. Aug. 7, 2014) (considering plaintiffs' health and concluding that a transfer "would be so gravely difficult and inconvenient for Plaintiffs that they would [for all practical

14

purposes] be deprived of their day in court"); *NGC Worldwide, Inc. v. Siamon*, No. 02-CV-1760, 2003 WL 1987001, *2 (D. Conn. Apr. 21, 2003) ("The health concerns of a party or witness can be an important factor in the determination of whether a § 1404(a) transfer is proper.").

Plaintiff commenced this action in her home district. June 9 Hr'g Tr. at 5:18-22; Pl.'s 2d Am. Compl. ¶ 8. She has submitted evidence showing that she suffers from serious medical ailments. *See* Decl. of Ira J. Kurzban, dated Sept. 8, 2015 (ECF No. 81) (attaching letter from plaintiff's psychiatrist stating that "traveling is not advisable [for plaintiff] . . . due to the risk for potentially deadly illness").

The government argues that plaintiff's choice of forum is not entitled to significant weight for two reasons. First, because there is no material connection between the events underlying plaintiff's cause of action and this district. Second, because the government is only seeking a transfer, rather than a dismissal of the action. Def.'s Mem. at 11. In support of these arguments the government relies on *Ruiz ex rel. E.R. v. United States*, No. 13-CV-1241, 2014 WL 4662241, at *10-11 (E.D.N.Y. Sept. 18, 2014). *Ruiz* is distinguishable because, first, Ruiz was not suing in his home forum, and second, there was no evidence that Ruiz suffered from a severe illness. *See Ruiz*, 2014 WL 4662241 at *3, *10.

Although there are only limited material connections between the events underlying this action and the Eastern District of New York, plaintiff's decision to bring this action in her home forum and her serious medical issues warrant giving substantial weight to her decision.

### 9.  **Trial Efficiency and Interests of Justice**

The government contends that this case should be tried in the forum where plaintiff's injuries allegedly occurred, and that trying this case in New York would result in increased expense to the taxpayer. Def.'s Mem. at 12-13. Plaintiff argues that this case raises issues of

national importance, superseding the local Texas interest.  Plaintiff contends that a transfer will place an enormous burden on her.  Pl.'s Opp'n at 19-20.

The case has already proceeded through discovery in this district.  It is ready for trial. Witnesses have sat for videotaped depositions, the physical layout of CBP's Falfurrias Station has been recorded, and relevant documents have been produced here in the Eastern District of New York.

Transferring the matter at this time would require a new court to become familiar with a case that has been handled in the Eastern District of New York through critical pretrial stages. *See Khing*, 2015 WL 4523238, at *2 (transfer of case that had already been pending for a year would delay resolution).  A transfer would also be unfair to the plaintiff, who suffers from serious medical conditions and lacks the means to litigate a case far from her home in New York. Although the Southern District of Texas does have a local interest in this action, the alleged mistreatment of plaintiff was by the national government, giving rise to a national interest in the matters to be litigated.

The factors of efficiency and justice weigh against transfer.

**V.      Conclusion**

The government has failed to satisfy its burden of demonstrating that a transfer would promote the convenience of parties and witnesses or would be in the interests of justice. Plaintiff's limited means and significant medical issues would make it difficult for her to litigate this case in the Southern District of Texas.  The availability of videotaped testimony or depositions in lieu of live testimony and the ease with which documentary evidence can be transferred eliminates any substantial burden that might be imposed on witnesses and the parties by trying this action in the Eastern District of New York.

The government's motion to transfer this case to the Southern District of Texas is denied.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: November 4, 2015
Brooklyn, New York

17